581 S.E.2d 487

**In the Matter of Charles E. FEELEY, Respondent.**

No. 25653.

Supreme Court of South Carolina.

Submitted April 14, 2003.

Decided May 19, 2003.

---

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Charles E. Feeley, of Ladson, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent from the practice of law in this state.[1] The facts, as set forth in the agreement, are as follows.

---

1. In October 1997, respondent was suspended for ninety days for failing to file a state income tax return. *In the Matter of Feeley*, 328 S.C. 165, 492 S.E.2d 790 (1997). Respondent also received a private reprimand in 1994.

## *Facts*

In January 2002, respondent undertook the representation of a client for the purpose of attempting to obtain a bond reduction. The client's bond had been set at approximately $1,500,000. On February 14, 2002, respondent was successful in getting the bond reduced to $650,000. On that same date, the client posted the full amount of the bond in cash. Respondent's stated fee for this service was $5,000.

On February 2, 2002, respondent made an online payment to his personal Visa credit card account in the amount of $4,000, following specific instructions from the client and using an electronic check bearing a check number, payer bank, and account number provided by the client. When prompted by the computer to enter an account holder name, respondent inserted a name that the client had mentioned during respondent's conversations with him. The name used was not the client's name and was an individual unknown to respondent. Respondent and the client agreed that this would be the method of payment of respondent's fee for his representation of the client in the bond reduction matter. On February 8, 2002, the online payment to respondent's Visa account was reversed when the electronic check was not honored by the payer bank.

Between February 11, 2002, and February 13, 2002, respondent prepared four computer checks in varying amounts totaling $1,662,500 following the client's specific instructions. Respondent prepared the computer checks using check preparation software purchased for this purpose at the client's instruction. The check numbers, account holder name, payer bank, and account number on the computer checks were provided by the client. The party listed as the account holder on the computer checks was not the client and was unknown to respondent. Respondent delivered the computer checks to the client at the detention center. The client signed the checks using the listed account holder's name and not his own. Respondent deposited the computer checks into his trust accounts. Following the deposits of the computer checks, respondent wrote checks, obtained cash from his trust account, and purchased a number of cashier's checks made payable to third parties. The computer checks were returned

to respondent's bank when the payer bank refused to honor them, resulting in the recall of trust account checks respondent had previously written in connection with other client matters.

On February 14, 2002, respondent delivered a cashier's check in the amount of $650,000 to the clerk of the circuit court for the payment of the client's bond. The client was released shortly thereafter. Respondent met with the client following his release and gave him two cashier's checks payable to the client's father totaling $70,000, and cash in the amount of $9,950.

## ·*Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(d) (a lawyer shall not assist a client in conduct that the lawyer knows is criminal or fraudulent); Rule 1.2(e) (when a lawyer knows a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct); Rule 1.16(a) (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law); Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property and it shall be appropriately safeguarded); Rule 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresenta-

tion); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). Finally, respondent has violated Rule 417, SCACR, which sets forth the requirements for financial recordkeeping.

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. Further, respondent shall, within thirty days of the date of this opinion, pay the costs of this proceeding ($160.76).

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.